**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 12-cr-048-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**7.    DERRICK GREGORY,**

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

Before the Court is Defendant Derrick Gregory's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion") (ECF No. 923). In his Motion, Gregory asks the Court to reconsider its October 30, 2020 Order Denying Defendant's Motion for Compassionate Release ("First Order") (ECF No. 914). (*Id.* at 1.) The Court therefore construes Gregory's Motion as a motion to reconsider the First Order. For the following reasons, the Motion is denied.

## I. BACKGROUND

On November 1, 2012, Gregory pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one or more of the following: (1) 280 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), and (2) 500 grams or more of a mixture containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a)(iii), (b)(1)(B)(ii)(II) and 846. (ECF No. 331.) On October 18, 2013, the Court sentenced Gregory to 120

months' imprisonment to be served consecutive to his sentence in his Arapahoe County District Court case. (ECF No. 643.) Gregory is currently incarcerated at FCI Englewood and has served approximately seven years of his sentence. (ECF No. 893 at 2; ECF No. 897 at 2.)

Gregory filed his initial Motion for Compassionate Release ("Initial Motion") on August 10, 2020, contending that his medical conditions of hypertension, chronic sinusitis, and obesity placed him at increased risk of severe illness should he contract COVID-19. (ECF No. 893 at 1–2.) The Court denied the Initial Motion, reasoning that Gregory was not in a high-risk age group and did not assert that there was an outbreak of COVID-19 at his facility. (ECF No. 914 at 5–6.) The Court further determined that, even assuming extraordinary and compelling circumstances existed, the sentencing factors set forth in 18 U.S.C. § 3553(a) counseled against his release. (*Id.* at 6.)

Gregory filed his Motion on December 14, 2020. (ECF No. 923.) He renews his arguments that his medical conditions place him at risk of severe illness from COVID-19 and again seeks immediate release. (*Id.* at 1–4.)

## II. LEGAL STANDARD

District courts have broad discretion to reconsider interlocutory rulings before the entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). Grounds for such reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

"Notwithstanding the district court's broad discretion to alter its interlocutory

orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)).  "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*  Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

## III. ANALYSIS

Gregory's Motion focuses on his medical conditions and the rising number of cases at FCI Englewood, issues which he raised in his Initial Motion.  (ECF No. 923 at 2–4.)  Although Gregory argues that there were 650 COVID-19 cases at FCI Englewood at the time of filing his Motion, the Bureau of Prisons ("BOP") website reflects that there is only one active case at this time.  (*Id.* at 2; *see also BOP: COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021).)

Moreover, irrespective of whether extraordinary and compelling circumstances exist, the Court already determined that the § 3553(a) factors counsel against commuting Gregory's sentence to time served.  (ECF No. 914 at 5–6.)  As noted in the First Order, Gregory's sentence reflects the statutory minimum for his offense, and his current offense is no less than his fifth felony conviction related to drug trafficking and possession.  (*Id.* at 6.)

Gregory does not address how the present circumstances alter the Court's prior analysis as to the § 3553(a) factors.  He simply reiterates the arguments of his Initial

3

Motion that he has been committed to his rehabilitation while incarcerated, and has served more than half of his sentence. (ECF No. 923 at 4; *see also* ECF No. 893 at 12–14.)

The Tenth Circuit is clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. As Gregory merely rehashes arguments which the Court previously rejected, the Motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Gregory's Motion (ECF No. 923) is DENIED.

Dated this 13th day of April, 2021.

BY THE COURT:

William J. Martínez
United States District Judge